with United States of America v. John Crews. Let me just get the names of the counsel right. Okay. Ms. McGillian, you've got two minutes for rebuttal. Correct. So that gives you eight minutes out of the game. Thank you so much. Thank you very much. Let me just make sure everybody's ready. Yes. Okay. Great. May it please the court, Annette McGillian here for John Crews. John Crews is asking this court to hold that Hobbs Act robbery is not a crime of violence under the career offender guideline and by extension that Hobbs Act robbery conspiracy is not a crime of violence. This is an issue of first impression for this circuit. The circuit has not decided the issue yet. Before we get there, I guess we have to clear the hurdle of the appellate waiver. Yes. And so, you know, fairly recently we issued an opinion in Borden that seems to have a lot in common with this case. And so I guess that's really the question. Why isn't the appellate waiver enforceable in light of the fact that the sentence was a within guideline sentence? Yes. Your Honors, the hurdle is for the government. The government has the burden... Can I stop you for a second? Sure. Just having a little trouble hearing you. Is the microphone... Maybe we can just raise the microphone a little bit. Sure. Yes. It's not terrible. I can hear you okay. Is it a little better? Okay. The burden is on the government to demonstrate that the appeal waiver applies. And here we are in the context of a resentencing where the government has waived enforcement of the waiver and now needs to demonstrate to you that you should exercise your discretion to relieve it of its own waiver. Borden is a case that should be limited to its facts. My research just prior to this argument shows that to date no court has followed it. Well, that may be, but it's certainly the law of the circuit. So why would you say Borden is distinguishable from this case? I mean, one thing that's different is that was a habeas, this is a direct appeal. But I'm not sure why that would matter for purposes of an appeal waiver. Well, it's a discretionary decision. And so the court is applying equitable principles to the facts before it. And in this case, in Borden, okay, Borden had a sentence excised and there was very little at stake in that case. He was basically released the day after his argument. The government did not seek to and did not get any additional sentence for the remaining count. And frankly, the government here got a whole new resentencing. It was a whole new ballgame. I'm sorry, can I ask though, when I read Borden, one of the big incentive structures behind Borden was to make sure that the government did allow people to be resentenced in the instance that the fact pattern that we see happens again. And can you please articulate why that incentive structure might be different in this case, if at all? Oh, I think the incentive structure is the same. I think the government should be encouraged to permit remands of illegal convictions. Okay, but if that's the case, then aren't we basically eviscerating the idea of having appellate waivers at all? No. If giving them the incentive to try and go and correct something is going to open it all up? Not at all. Not at all, Your Honor. Borden seems to perceive from the principle that the government is the favorite son of the court, and it is not. The government may absolutely waive an appellate waiver and get a resentencing, but here what the government did is it sought to increase this defendant's sentence to compensate for the dismissal of a count. It got a whole new sentencing proceeding. It raised new arguments. It included basically gun enhancements, one that went up to six points for Group 4. It argued that Mr. Cruz Right, but those were guidelines applications. The only reason they didn't apply the first time is because of the 924C conviction, right? That's not true, Your Honor. No? The government sought a six-point increase for Group 4 in the PSR, and basically also in addition tried to get an injury enhancement for the same crime, and it was double counting. And Mr. Cruz is, first of all, he never contemplated at the time of his plea that one of his convictions was illegal. And every court and multiple Supreme Court decisions were not contemplated by this plea agreement. But doesn't the appeal agreement contemplate a change of law? When someone is waiving their right to appeal, aren't they presuming that there might be a change of law that would be prejudicial to them, and that is one of the things that they're factoring in, whether or not they agree to a waiver? This was a cataclysmic change of law. And even if it were contemplated, we have a situation here where the government has waived enforcement and had a whole new ballgame at resentencing. And in addition, this court needs to consider the fact that multiple defendants are being sentenced as career offenders for Hobbs Act robbery and Hobbs Act robbery conspiracy, and it's gone on for five years. There is a problem with appellate waivers being enforced indiscriminately without paying attention to the legality of a sentence here. And can I just ask you again, and I know you were asked this previously, but just to pin you in a little more on the question of how this case is distinguishable from Borden. Well, the government in Borden didn't get any additional sentence on the remaining count. But that wasn't something that the court focused on in the decision when they were deciding the question. I mean, I think the decision focuses on this idea that what the government was trying to do was parse out two issues that were, using the court's language, interrelated. And so that was the reason why it wasn't appropriate to sort of say, well, we'll allow you partial waiver. I read Borden as a discretionary decision limited to its facts. The factors that the court considered in that case are not easily applicable to other cases. There were two different proceedings. It was a 2255. Here we have the government waiving an appeal waiver within the context of the same proceeding. Defendants have certain due process rights to appeal their sentence. And here Mr. Cruz is still on direct appeal. In addition, if the appeal waiver were to be enforced here, there would be no meaningful limit to when the government gets to pick and choose when it enforces an appellate waiver. Can you talk about whether or not OHEVA helps you? It does help me because the court in that case says precisely what I'm urging this court to do, to say the government doesn't just get to pick and choose its issues. And in that sense, we have procedurally the same context. We have a direct appeal. And this court is not bound by Borden. Borden doesn't express a rule of law. Can you speak to the closely linked aspect of OHEVA and make the argument? Yes. Personally, I think the closely linked issue is a confusing factor to consider. It's very hard to apply in any future case where a court is considering whether issues are closely linked or not. Any issue that affects a defendant's sentence is closely linked to another issue that affects a defendant's sentence. That to me seems to complicate the argument you're trying to make for a bounded limit. Can you please calibrate or explain to me why there are still limits under your explanation of how we should interpret OHEVA? Well, to reiterate, it's the government's burden to convince you that it has not totally waived enforcement of the waiver. It is not Mr. Crew's burden. It's the government's burden. Whether the issues are closely linked or not, here they're closely linked because my guy is getting resentenced on account and being given an increased sentence. And it's a whole new ballgame. And the government has waived enforcement of the waiver and it has benefited from it because it got a full resentencing. It got to come back and argue for whatever it wanted. And so it's simply a question of fairness, discretion, and also the need to decide a pretty important legal issue that seven circuits have decided. And it's a fairly simple one. My client, he was sentenced as a career offender. And the court may not have sentenced him to the same sentence. The court even said on page 457 of the record appendix, I do agree that criminal history category 6 modestly overstates the seriousness of his criminal history because most of his countable prior offenses occurred when he was a child, or at least when he was a minor. The judge here used the career offender guideline to reject arguments in mitigation of sentence. It's a serious problem. We have a man spending years in jail and half of his criminal history is from when he was just a lad. And so Borden is not a rule of law that needs to be blindly applied in every case where there's a Davis resentencing. Here we have a resentencing in a case where the government has waived enforcement of an appeal waiver and now is trying to selectively enforce it and avoid having the court answer a very important legal issue. All right. I see you're a couple minutes over, but you've reserved two minutes for rebuttal, so you'll get that. We'll now hear from the government. Mr. Klein. Thank you and good morning, Your Honors. May it please the court. My name is Ben Klein. I'm an assistant United States attorney and I represent the government in this appeal. The appellate waiver here and this court's recent decision in United States v. Borden definitively resolved this matter. Borden is on all fours with this case. Borden and Cruz were sentenced just a few months apart from one another. Just like Borden. Well, isn't it the case, though, there is one distinction and that is that Borden we're talking about in the 2255 context and here this is still all within the direct appeal. Does that procedural posture make a difference? Thank you, Judge Lee. So the holding of Borden is not limited to the context of habeas proceedings. And so at page 355, 16, F4, 355, the Borden court very clearly held, we now hold that partial enforcement or partial invocation of a plea agreement's waiver provision is permitted under limited circumstances. And then it provides three factors for partial enforcement of an appellate waiver, every one of which applies here in full force. So can you speak to the question of your colleague on the other side about how much latitude the government has to go and put in new charges if we are going to infer that you actually haven't waived the earlier agreement? Yes, Judge Pettis. So in the context of this case, the exact same arguments are being raised with respect to career offender as were raised in the Borden case. And this court actually considered those issues and held that the career offender issues raised, quote, significantly different issues than the reasons for vacating the 924C conviction. But the idea of adding new charges and resentencing on those new charges, I think, puts us in a bit more of a complicated position. And I'm interested in what is the limit of how far the government can go back and resentence someone with actually out waiving their right to not. Yes, and just to be clear on the record here, no new charges were added. So the defendant in Borden pleaded guilty to conspiracy to commit Hobbs Act robbery in violation of 924C. Mr. Cruz pleaded guilty to the exact same charges. Both of them signed plea agreements containing broad appellate waivers. And both of them had the 924C conviction vacated after the Davis decision. And so both of them were subject to new de novo resentencing on the remaining Hobbs Act robbery conspiracy count. So no new charge was added to Mr. Cruz's sentence. In fact, it was the same exact procedural posture as the Borden case. Mr. Cruz is now appealing from the new sentence on the Hobbs Act robbery conspiracy count that was imposed by the district court. Can I just ask you just hypothetically, if he had been resentenced to something that was greater than the original sentence, still within the guideline range, from your point of view, that would not be problematic. He got more than 204 months of the resentencing. Yes, Judge Lee. So from my perspective, from the government's perspective, excuse me, I would say that Mr. Cruz entered into a plea agreement which contained a broad appellate waiver that waived his right to appeal any sentence of 327 months or less. Judge Brissetti was very clear in allocuting him at the time of the plea. And in going to a de novo resentencing, which is required by this court's decision in the Powers case, he could receive any sentence within the statutory range. Of course, in the context of this case, Judge Brissetti lowered Mr. Cruz's sentence by three years, which is actually a larger reduction than was at issue in the Borden case. In Borden, Mr. Borden initially received a sentence of seven years. He committed one armed robbery. Mr. Cruz, who had committed 10 violent armed robberies, received initially a sentence of 17 years imprisonment. And after the government consented to vacating his 924C conviction, he was then resentenced. And Judge Brissetti, after considering all of the 3553A factors, also considering his positive progress in prison, ultimately decided to reduce his sentence by three years. And so it's actually a larger reduction than the Borden case. And lower than what the government was arguing for the same sentence, right? That's correct. 204 months. That's correct, Your Honor. So the government advocated for imposing the same sentence of 204 months. Which is what Davis contemplates, that that can happen. That's exactly correct, Your Honor. I will also note that Judge Brissetti sentenced Mr. Cruz at the very bottom of the guidelines range. So his guidelines were 168 to 210 months imprisonment. He got the very bottom of the guidelines of 168 months. Given the threshold issue here of United States v. Borden, we believe that this case should be dismissed. We're seeking to enforce the appellate waiver. And unless the court has any further questions, I'll rely on the remaining arguments in my submission. Well, I mean, I guess there is the argument made by Ms. McGillian about breaching the agreement, right? And so, if there were a breach, the remedy would typically be specific performance, or somebody gets their plea back and gets to go to trial. I mean, I may ask Ms. McGillian this on her rebuttal. But, I mean, what, in a situation like this, where the case is now back on appeal for resentencing, I mean, what is specific performance? What would that look like, if there were a breach? Your Honor, so the government's position is that there is no breach under the— I understand that. And I agree with you. To the extent that there were a breach, I think that the government's position is that the agreement would then be negated. What Mr. Cruz is trying to do is to obtain all of the benefits of the plea agreement while complying with none of its obligations. As his counsel below stated, he received a tremendous break. And it's a quote from defense counsel, by pleading to one count of Hobbs Act robbery conspiracy and a 924C. Given his conduct, he was facing a significant period of mandatory minimum imprisonment. And to the extent that this court were to decline to enforce the waiver, potentially would open him back up to those charges again. And so I've not seen defense counsel advocating for that. And for the reasons that I've stated, we believe that in this context, the plea agreement should be enforced. Unless the court has further questions, I will rely on the submissions. Okay. All right. Thank you very much. Thank you, Your Honor. Ms. McGillian, we'll hear from you for two minutes. Mr. Cruz's plea agreement and the appellate waiver in that agreement did not contemplate that he would be sentenced, have an entire count of conviction, which signified seven years of his life, be completely wiped out. But wait a minute. I mean, we've covered that before. That's the law. That is the law of this circuit in Sanford. We've made very clear that the fact that the law might change, even drastically, that that's something that the parties have bargained for. Are you suggesting that Sanford is no longer good law? Even if that's so, Your Honor, the government is agreeing to remand all of these cases because it realizes that there is a weakness in that decision when so many years of a man's life, all right, hinge on a conviction that is determined to be unconstitutional by multiple Supreme Court and circuit decisions. Now, that said, Mr. Cruz's plea agreement also did not contemplate that the government would waive its right to enforce the waiver and then reassert the waiver at his resentencing. He also did not agree to be sentenced as a career offender when the career offender guideline applied at his sentence did not cover and did not consider his crime of conviction a qualifying predicate. Maybe I can ask the question in another way. What do you think the government did precisely that waived their right to enforce the plea agreement? It's not underboard in the fact that they resentenced because of Davis, right? So it's not that. What else do you think contemplates a waiver by the government? The government waived by not raising the appellate waiver at the time that Mr. Cruz asked to have his case remanded for resentencing in light of Davis and to have that conviction. So you think that they needed to say something like  but we're reasserting our waiver for everything else? Is that what needed to happen? If you're contemplating how they could resentence without having a full waiver of resentencing, that would be one way. But what they did in this case... Well, they might have also just said, okay, we're going to try to enforce the waiver for the first appeal. And now the law might be not better for you but worse under Dussard in this circuit. So do you think it's going to be to your clients and to future defendants in a similar situation to have the government saying, well, I guess we can't agree to vacate the 924C, so we're going to work to preserve them under Dussard? The motivations for the government to remand a Davis count are there because they want to avoid protracted litigation about the validity of any sentence that still has that count in it. And the government has benefited quite a bit by remanding for Davis resentencings. How have they avoided litigation? It seems to me that this is proof that they haven't avoided the litigation. That was the whole point of the waiver, right? I'm not litigating the residual cost of the guideline or of the statutes in this case. Actually, the issue before this court is quite simple. It is a very simple application of the categorical approach to a guideline that was improperly applied to my client. His conviction doesn't qualify for the guideline. Seven circuits. The law of this circuit is not in accord with seven other circuits. But I think the question that we're asking is why do we even need to reach that in this case, right? Even if we were to agree with you, and I don't know where my colleagues are on this, but how does that help your client at all if we conclude that the waiver needs to be enforced and yours was knowingly, your client knowingly entered into it? My client entered into his plea agreement years ago. I can't even count on my hands how many years ago it was. And what we have here is the government has waived the enforcement of the appellate waiver. I don't know how much more simple I could make that. It's their burden to show you that Borden is on all fours with this case, and I submit that it's not. And if it gets applied in every Davis resentencing, you're going to have free-fall resentencings with Lord knows what guidelines are applied in these cases. Okay, so I'm sorry. So back to my original question or my earlier question. So you think one way, again, I want the specific instances in which you think they waived their right to enforce it. So one was not shut. They didn't raise it. They didn't raise it, in your opinion, when they went back for the resentencing. Correct. Okay, and then any other time? That's the chief and critical time. When a defendant asks to have his sentence vacated, the government could very well have said, no, we don't want to vacate it. If it's the government's duty to find a middle road, if they want to vacate and preserve their appellate waiver without fully waiving it, they can come up with something in writing. They write plea agreements all the time. They're very detailed. They know how to preserve their rights. They're competent attorneys. There's two counsels sitting at this table. So I think the government knows how to take care of itself and knows how to take care of its waivers. What you have here is an important legal issue, and this is a discretionary decision that affects it. My point of view is if it's an important legal issue, that's the basis not to enforce a waiver. Absolutely. In this case, that is the case. In any case. Well, there's an important legal issue. The parties have waived it, but we think that we're going to look behind the plea waiver because there's an important legal issue lurking in there. You're coming from the position where you think the government has a valid waiver. I submit that they have fully waived. I thought you were suggesting that the existence of an important legal issue is a basis not to enforce an otherwise valid waiver. Are you saying that? Yes. Okay. You are Article III judges. You have defendants getting sentenced as career offenders when seven other circuits are not doing it. You are Article III judges. You are not friends of the government. This is an important issue. Yes, your discretion should be used to decide cases and controversies that are put before you. This is a problem that I have with appellate waivers in general, and I see that I've gone over my time, but I appreciate the court's time. Thank you. We will reserve decision.